**Albino Rosas FELIPE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–70605.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Iraj Shahrok, Esquire, Law Office Of Iraj Shahrok, Belmont, CA, for Petitioner.

Aram A. Gavoor, Esquire, Kurt B. Larson, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Albino Rosas Felipe, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to his qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

■ We lack jurisdiction to review petitioner's contention regarding continuous presence because he failed to raise that issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (this

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court generally lacks jurisdiction to review contentions not exhausted).

■ Petitioner contends the IJ violated due process by not allowing him to elaborate on what would happen to his daughter after his removal from the United States. Contrary to petitioner's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting [his] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted). Moreover, petitioner failed to demonstrate prejudice. *See id.* (requiring prejudice to prevail on a due process challenge).

We are not persuaded that petitioner's removal would result in the deprivation of his child's rights. *See Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1012–13 (9th Cir. 2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**